EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

CANADIAN INDEMNITY COMPANY, Defendant.

No. CV 74–3141–HP

United States District Court
C. D. California.

Feb. 13, 1976.

F. Cancino, Asst. Gen. Counsel, Oscar Williams, William Keith MacLeod, Asst. Regional Atty., San Francisco Regional Office of Gen. Counsel, Ron C. Ridgle, E. E. O. C., San Francisco, Cal., for plaintiff.

Timothy F. Ryan, McLaughlin & Irvin, Los Angeles, Cal., for defendant.

## MEMORANDUM AND ORDER

PREGERSON, District Judge.

This cause is before the court upon defendant Canadian Indemnity Company's Motion for Partial Summary Adjudication, filed January 16, 1976, and plaintiff Equal Employment Opportunity Commission's Motion for Stay of Proceeding, filed January 19, 1976. The matter was heard on February 2, 1976. The court has read the pleadings and memoranda of law on file and has considered the oral argument of counsel.

42 U.S.C. § 2000e–5(f)(1) provides in part:

If . . . the [Equal Employment Opportunity] Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against [the] respondent . . . .

Failure to achieve conciliation is therefore a jurisdictional prerequisite that must be satisfied before the Commission may file a civil action. Defendant Canadian Indemnity contends that this prerequisite was not met as to three of the Commission's four claims for relief because defendant had expressed its willingness to accede to three similar demands presented as part of the Commission's proposed conciliation agreement. This contention lacks merit.

First, 28 C.F.R. § 1601.22 governs conciliation agreements and provides in part:

Disposition of a case pursuant to this section shall be in writing, and notice thereof shall be sent to the parties. Proof of compliance with Title VII will be obtained by the Commission before the case is closed.

No written conciliation agreement was executed pursuant to this section.

Moreover, defendant Canadian Indemnity did not, as it contends, "unequivocally and totally" accept the proposals presented by the Commission. Instead, in a letter dated January 28, 1974, defendant submitted suggested amendments. Under accepted principles of contract law, this letter constituted a rejection of the Commission's proposals, precluding formation of a conciliation agreement.

Finally, and more importantly, 42 U.S.C. § 2000e–5(f)(1) states that the parties must enter into "a conciliation agreement *acceptable to the Commission.*" (Emphasis added.) The acceptance or rejection of the counteroffer submitted by defendant was within the Commission's discretion. Since the Commission, in its letter of February 6, 1974, stated that a satisfactory settlement had not been achieved, and since this rejection of defendant's counteroffer was not an abuse of the Commission's discretion, the statutory prerequisite to suit established by 42 U.S.C. § 2000e–5(f)(1) was met.

Therefore, defendant's motion for partial summary adjudication is denied.

It appears to the court, however, that further conciliation efforts between the parties may resolve their differences. The present action should therefore be stayed for 60 days pending further conciliation attempts.

Accordingly, plaintiff's motion to stay proceedings for 60 days is granted.